UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM WITKOWSKI,<br><br>                    Plaintiff,<br><br>   v.<br><br>DANA M. RYAN,<br><br>                    Defendants. | Case No. C18-5066 RBL-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for August 24, 2018 |

This matter is before the Court on plaintiff's filing of a proposed complaint and a subsequent application to proceed *in forma pauperis*. Dkts. 1, 6. Plaintiff is proceeding *pro se* in this matter, which has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). Plaintiff alleges misconduct by his privately retained defense counsel, Dana Ryan, during the course of the prosecution that led to his current incarceration.

For the reasons set forth below, plaintiff's complaint is fatally deficient and its deficiency cannot be remedied by amendment; therefore the Court recommends that this action be dismissed with prejudice prior to service, for failure to state a claim upon which relief may be granted. In light of this conclusion, the Court also recommends denial of plaintiff's *in forma pauperis* application.

**DISCUSSION**

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a

REPORT AND RECOMMENDATION - 1

claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

Here, plaintiff alleges that his privately retained attorney requested as part of his fee payment certain items (possibly illegally obtained) that had avoided seizure by law enforcement. Dkt. 1 at 3-4. Plaintiff alleges that he became uncomfortable with these requests and instead

REPORT AND RECOMMENDATION - 2

arranged for family members to pay the fee in full, but that his counsel continued to inquire after the potentially contraband items and failed to provide an adequate defense when he was not provided with access to them. *Id.* at 5-6. Plaintiff's claims are brought solely against his counsel, who is a private party. Generally, private parties do not act under color of state law and therefore cannot be sued under § 1983. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). In particular, an attorney in private practice does not act under color of state law. *Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003).

An exception to this rule exists where a private party conspires with state officials to deprive plaintiff of his constitutional rights. *See Tower v. Glover*, 467 U.S. 914, 920 (1984). Here, however, there are no allegations that defendant Ryan conspired with anyone else, let alone with any state actors; the only wrongdoing alleged is by Ryan, a private party.

Plaintiff's complaint fails to establish an essential element of a § 1983 claim—an action by a defendant under color of state law. Because plaintiff seeks relief from a non-state actor who is the sole target of the litigation, this deficiency cannot be remedied by amendment. Accordingly, the Court recommends that plaintiff's complaint be dismissed with prejudice. In light of this recommended disposition, the Court also recommends that plaintiff's request to proceed *in forma pauperis* also be denied.

## CONCLUSION

Because the complaint is fatally deficient without any indication the deficiencies discussed above can be cured, dismissal of this action for failure to state a claim under 42 U.S.C. § 1983 is proper, and denial of plaintiff's request to proceed *in forma pauperis* is warranted.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRC P 6. Failure to file objections will result in a waiver of those objections for

REPORT AND RECOMMENDATION - 3

1  purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed

2  by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **August 24,**

3  **2018** as noted in the caption.

4      Dated this 6th day of August, 2018.

                                        */s/ Theresa L. Fricke*
                                        Theresa L. Fricke
                                        United States Magistrate Judge

REPORT AND RECOMMENDATION - 4